IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| WALTER CURRY and CHERYL CURRY, | ) |
| | ) |
|    *Plaintiffs*, | ) |
| | ) |
| v. | )   No: 9:21-cv-3587-RMG |
| | ) |
| OMNI HOTELS MANAGEMENT CORPORATION d/b/a OMNI HILTON HEAD OCEANFRONT RESORT, JANE DOE 1-10, and THEO SCHOFIELD | ) |
| | ) |
|    *Defendants.* | ) |

### **OMNI HOTELS MANAGEMENT CORPORATION'S NOTICE OF REMOVAL**

Defendant Omni Hotels Management Corporation ("Omni"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files its Notice of Removal of this action to the United States District Court for the District of South Carolina. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and it is plain from the face the Complaint that the plaintiffs, Walter and Cheryl Curry ("Plaintiffs"), seek judgment in excess of $75,000, exclusive of interest and costs, for their claimed personal injuries and loss of consortium. In further support of this Removal, Omni states as follows:

### **INTRODUCTION**

1.    Plaintiffs initiated this action on August 31, 2021, by filing this Complaint in the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, in Beaufort County. The state court action was assigned case number 2021-CP-07-01587.

2.    In their Complaint, Plaintiffs allege Walter Curry sustained personal injuries on

January 2, 2019, after a pitcher of hot water spilled into his lap. (Compl. ¶ 6.)

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

    A. <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

3. Removal is timely pursuant to 28 U.S.C. 1446(b) because Omni's Notice of Removal was made within thirty (30) days of service of the Summons and Complaint upon it. Omni was served with the Complaint on October 20, 2021. *See* 28 U.S.C. § 1446(b)(2)(c) (codifying the later-served defendant rule); *Barbour v. Int'l Union*, 594 F.3d 315 (4th Cir. 2010) (adopting the "last-served defendant" rule).

4. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiffs' Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

5. The Complaint fails to demand a sum Plaintiff is seeking. However, 28 U.S.C. §1446 (c)(2) provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 USCS § 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>     (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>         (i) nonmonetary relief; or
>         (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>     (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a) [28 USCS § 1332(a)].

6. "Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal." *Stanley v. Auto-Owners Ins. Co.*, 423 F. Supp. 3d 225, 228 (D.S.C. 2019) (citing *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Brown v. VSC Fire & Sec., Inc.*, 2016 U.S. Dist. LEXIS 52620, 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016)). "The Supreme Court has held that a defendant's notice of removal only needs to include a 'plausible allegation' that the amount in controversy exceeds the jurisdictional threshold. *Vill. Park Homes LLC v. Hancock Askew & Co LLP,* No. 9:16-cv-02828-DCN, 2016 WL 7383919, 2016 U.S. Dist. LEXIS 176360, at *6 (D.S.C. Dec. 21, 2016) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)).

7. Pursuant to 28 U.S.C. §1446 (c)(2)(A), Omni states the amount in controversy exceeds the sum of $75,000 as Plaintiffs have alleged that as a result of the incident, Mr. Curry sustained "serious personal injuries" and that "his injuries were of such a nature as to require him and will in the future require him to expend monies for hospitalization, doctor's care and other medical necessities; he has suffered permanent impairment of health and bodily efficiency; that at all times since the accident, the Plaintiff has suffered and will continue to suffer great pain". (Compl. ¶ 13.) In sum, even though the accident occurred more than two years and nine months ago, Plaintiffs allege that Mr. Curry continues to suffer both physical and emotional pain and anticipate he will do so well into the future.

8. The Court should infer from Plaintiffs' purported damages, including their alleged past, present, and future claims for damages, as well as loss of consortium, that they are seeking recovery in an amount in excess of this Court's jurisdictional minimum. Given Plaintiffs are now, nearly three years after the alleged incident, claiming not only past medical bills and expenses, but

also permanent injury and future medical bills, Plaintiffs' allegations weigh in favor of finding the Complaint states an amount in controversy in excess of $75,000.00.[1] *See e.g., Hermanson v. Bi-Lo*, LLC, Civil Action No. 3:20-cv-03956-JMC, 2021 WL 4147113, 2021 U.S. Dist. LEXIS 164817, at *8 (D.S.C. Aug. 31, 2021) (Finding the complaint stated an amount in controversy in excess of $75,000.00 where the plaintiff alleged that she suffered "significant injuries that required her to seek necessary medical treatment" and that "as a result of these injuries, Plaintiff has incurred, and will continue to incur in the future, medical treatment and expenses, and has suffered, and will continue to suffer in the future, permanent injury, inconvenience, physical pain and suffering, mental and emotional anguish, and a loss of enjoyment of life."); *Duchesne v. Am. Airlines, Inc.*, 758 F.2d 27, 28-30 (1st Cir. 1985) (holding that ten months of dizziness and headaches supported claim in excess of $ 10,000 in 1984 dollars despite "negligible" medical expenses); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010) (concluding that when the value of the plaintiff's claims were analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000); *Evans v. Yum Brands, Inc. ,* 2004 DNH 103, 326 F. Supp. 2d 214, 221 (D.N.H. July 14, 2004) ("Evans's claims for her own alleged Hepatitis A and the loss of consortium and emotional distress…could be valued at $ 75,000 or more); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) ("The fact that Gabrielle and Rollins each

---

[1] In the alternative, Omni requests leave to conduct limited jurisdictional discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied. *See e.g.*, *Liesman v. Weisberg*, No. 3:17-CV-00660-MOC-DSC, 2018 U.S. Dist. LEXIS 33122, at *1-2 (W.D.N.C. Mar. 1, 2018) (permitting "limited jurisdictional discovery . . . confined to the issue of the amount in controversy").

allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $ 75,000.00."); *Yocham v. Novartis Pharms. Corp.*, No. 07-1810 (JBS), 2007 U.S. Dist. LEXIS 58938, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) ("[I]t appears from the face of the Complaint that the amount in controversy exceeds $75,000" where the plaintiff alleged a skin condition which resulted in hospitalization at a burn unit and seeking "compensatory damages for 'past, present, and future pain and suffering,' lost earnings, past and future medical expenses and punitive damage."); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring the plaintiff's case in excess of 75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Viens v. Wal-Mart Stores,* Civ. No. 3:96cv02602(AHN), 1997 U.S. Dist. LEXIS 24029, at *1 (D. Conn. 1997) (concluding that the combination of the victim's lost wage claim and her lumbar spine injury claim established that there was a reasonable probability that the amount in controversy exceeds the jurisdictional minimum). In sum, Plaintiffs' allegations in their Complaint make clear that their claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

9.      In addition to the claims for compensatory damages, Plaintiffs seek recovery of punitive damages against the defendants. (Compl. at unnumbered paragraph following ¶ 33 and

beginning with the word "WHEREFORE".) While Plaintiffs' claims for compensatory damages themselves satisfy the jurisdictional requirement, their claim for punitive damages leave no doubt that the requirements of 28 U.S.C. § 1332 are satisfied. It is well settled that prospective punitive damages sought by a plaintiff must be considered in any calculation of the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Hermanson v. Bi-Lo*, LLC , Civil Action No. 3:20-cv-03956-JMC, 2021 WL 4147113, 2021 U.S. Dist. LEXIS 164817, at *5 (D.S.C. Aug. 31, 2021) ("Where the plaintiff has alleged an indeterminate amount of damages, courts may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal court, and other relevant materials in the record. Courts include claims for punitive and consequential damages as well as attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction."); *see also*, *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases."); *Naegele v. Albers*, 355 F. Supp. 2d 129, 134 (D.D.C. 2005) ("Punitive damages are properly considered as part of the amount in controversy." (citing *Hartigh v. Latin*, 158 U.S. App. D.C. 289, 485 F.2d 1068, 1072 (1973))).

10. Although the defendants deny that Plaintiffs are entitled to an award of punitive or compensatory damages, the Court should infer from Plaintiffs' request for punitive damages that they are seeking greater recovery than if they merely sought compensation for their alleged injuries. In sum, Plaintiffs' allegations in the Complaint make clear that their claim for punitive and compensatory damages satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a).

B.      There is complete diversity among the parties.

11.     Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiffs' Complaint in state court and at the time of removal, Plaintiffs were and still are residents, citizens and domiciliaries of Orangeburg County, South Carolina. (Compl. ¶ 1.)

12.     For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332 (c)(1). At all relevant times hereto, including at the time of filing of Plaintiffs' Complaint in state court and at the time of removal, Omni Hotels Management Corporation was and still is a Delaware corporation with its principal place of business in Dallas, Texas. (*See* affidavit of Jeremy Williams, hereinafter "Williams Aff.", Attached hereto as "**Exhibit A**", at ¶ 2.) Thus, at all relevant times hereto, Omni was a citizen of the States of Delaware and Texas for purposes of determining diversity.

13.     At all relevant times hereto, including at the time of filing of Plaintiffs' Complaint in state court and at the time of removal, the fraudulently joined defendant Theo Schofield was and still is a resident, citizen and domiciliary of Jacksonville, Florida.[2] (Williams Aff. at ¶ 3.)

---

[2] In a bad faith attempt to prevent removal, Plaintiffs' incorrectly allege Mr. Schofield was "at all relevant times", a citizen of the State of South Carolina. (Compl. ¶ 4.) The "relevant times" for determining this Court's diversity jurisdiction depends on whether complete diversity existed at the time the action commenced in state court and at the time of removal. *DHW Purchasing Grp., LLC v. HUB Int'l Midwest, Ltd.*, No. 3:19-cv-1243-CMC, 2019 WL 5586873, 2019 U.S. Dist. LEXIS 188118, at *3 (D.S.C. Oct. 30, 2019) ("In a removed action, a majority of courts determine diversity based on the parties' citizenship at the time of removal, while a minority require diversity to exist both when the action is commenced in state court and at the time of removal." (citing See Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3608 (3d ed.))). Thus, Mr. Schofield's citizenship at the time of the incident is irrelevant to determining the existence of diversity jurisdiction. Even if it were relevant, Mr. Shofield was fraudulently joined as there is no possibility of recovery against this defendant. The citizenship of "fraudulently joined" parties is ignored when determining whether complete diversity is present. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Boss v. Nissan N. Am.*, 228 Fed. App'x. 331, 334-335 (4th Cir. 2007); *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Further, 28 U.S.C. § 1441(b)(2), known as the "forum defendant rule", would have no application where, as here, Mr. Schofield has not been served. *See* 28 U.S.C. § 1441(b)(2) (precluding removal on the basis of in-state citizenship only when the defendant has been "properly joined **and served**" (emphasis added)); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) (finding the forum defendant rule inapplicable until a home-state defendant has been served in accordance with state law and that until then, a state court lawsuit is removable); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018) (finding the plain text of the forum defendant rule permits removal by a forum defendant pre-service); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.

14. For purposes of diversity of citizenship, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(b)(1). As a result, the citizenship of defendant(s) Jane Doe 1-10 may be disregarded for the purpose of determining whether this action is removable on the basis of diversity jurisdiction. *See, e.g., Kennedy v. Schneider Elec.*, No. 2:12-CV-122-JD, 2013 U.S. Dist. LEXIS 25019, at *2 (N.D. Ind. Feb. 22, 2013) (noting that in "2011, Congress amended the removal statute, 28 U.S.C. § 1441, adding subsection (b)(1)", so that where a case is removed from state to federal court "the citizenship of defendants sued under fictitious names ('Doe' defendants) is disregarded in determining diversity for removal purposes"); *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal."). Additionally, defendant(s) Jane Doe 1-10 is not a properly joined and served defendant under 28 U.S.C. 1441(b)(2).

15. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiffs' Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

---

2001) ("Where there is complete diversity of citizenship, as LSERS concedes there was, the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."); *Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013) (finding 28 U.S.C. § 1441(b) permits removal by a non-forum defendant despite the presence of a forum defendant named in the complaint, as long as the non-forum defendant has been served and removes the case prior to service on the forum defendant); *R & N Check Corp. v. Bottomline Techs., Inc.*, 2013 DNH 154, 2013 U.S. Dist. LEXIS 162980, *8-9 (D.N.H. Nov. 15, 2013) (agreeing with "the thoughtful and thorough analysis presented by" *Gentile*); *Valido-Shade v. Wyeth, LLC*, 875 F. Supp. 2d 474, 477-78 (E.D. Pa. 2012) (holding that out-of-state defendant could remove case prior to service on in-state defendants); *Carrs v. AVCO Corp.*, No. 3:11-CV-3423-L, 2012 U.S. Dist. LEXIS 74562, at *5 (N.D. Tex. May 30, 2012) ("[To] conclude that removal is barred before any defendant has been . . . "properly joined and served" . . . [is to] disregard the literal language of the statute."); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010) ("this Court concludes that, pursuant to the plain language of § 1441(b), the forum defendant rule does not require remand in the instant case because Lankford, a properly joined in-state defendant, had not been served at the time of removal"); *In re Yasmin v. Bayer Corp.*, No. 3:09-md-02100-DRH-PMF MDL, 2010 U.S. Dist. LEXIS 105532, at *36 (S.D. Ill. Oct. 1, 2010) ("[T]his action was removed before the forum defendant was served. This fact, standing alone, is a sufficient ground for denying Plaintiff's motion to remand.").

C. *Venue and other requirements are satisfied.*

16. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, in Beaufort County, the forum in which the removed action was pending. *See* 28 U.S.C. § 121(11). Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

17. Defendants are not citizens of the State of South Carolina, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2); *see also*, ft. note 2.

18. All defendants who have been properly joined and served join in and consent to the removal of this action.

19. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon the defendants in the original state court action as of this date are attached hereto as "**Exhibit B**".

20. Pursuant to 28 U.S.C. § 1446(d), Omni has filed a written notice of removal with the Clerk of the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, in Beaufort County, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit C**". A copy of this Notice of Removal is being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

21. By filing this Notice of Removal, the defendants do not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

22. If any question arises regarding the propriety of the removal of this action, the

defendants respectfully request the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Omni respectfully removes this action to the United States District Court for the District of South Carolina, Beaufort Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

OMNI HOTELS MANAGEMENT
CORPORATION and THEO SCHOFIELD


BY: s/Frank J. Gordon
Frank J. Gordon, SC Bar No.: 71769
Millberg Gordon Stewart PLLC
1101 Haynes Street, Suite 104
Raleigh, NC 27604
Email: fgordon@mgsattorneys.com
Phone: 919-836-0090
Fax: 919-836-8027


C. Stephen Setliff (*pro hac application to follow removal*)
Eli Jason S. Mackey (*pro hac application to follow removal*)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone:     (804) 377-1260
Facsimile:     (804) 377-1280
Email: ssetliff@setlifflaw.com
       jmackey@setlifflaw.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of October 2021, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are not yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

>J. Olin McDougall, II, Esquire
>SC Bar No.: 6948 — Lin@MLF.Law
>Clinton F. Redfern, Esquire
>SC Bar No.: 100401 — Clint@MLF.Law
>Post Office Box 1336
>115 Lady's Island Commons
>Beaufort, SC 29901-1336
>Phone: 843-379-7000
>Fax: 843-379-7007
>*Attorney for Plaintiff*

s/Frank J. Gordon