**Exhibit B**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT ) | CIVIL ACTION NO.: 2021-CP-07-_____ |
| ) | |
| WALTER CURRY and CHERYL CURRY, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| ) | |
| OMNI HOTELS MANAGEMENT ) | |
| CORPORATION d/b/a OMNI HILTON ) | |
| HEAD OCEANFRONT RESORT, JANE ) | |
| DOE 1-10, and THEO SCHOFIELD, ) | |
| ) | |
| Defendants. ) | |

**SUMMONS**
(JURY TRIAL DEMANDED)

**TO:  THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber hereunder at his office located at Post Office Box 1336, Beaufort, South Carolina, 29901-1336, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in said Complaint.

MCDOUGALL LAW FIRM, LLC

By: *s/Clinton F. Redfern*
Clinton F. Redfern, Esquire
SC Bar No.: 100401 – Clint@MLF.Law
Post Office Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336
Phone: 843-379-7000
Fax: 843-379-7007
ATTORNEYS FOR PLAINTIFF

August 31, 2021
Beaufort, South Carolina

ELECTRONICALLY FILED - 2021 Aug 31 4:41 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701587

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) | CIVIL ACTION NO.: 2021-CP-07-_____ |
| | ) | |
| WALTER CURRY and CHERYL CURRY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| OMNI HOTELS MANAGEMENT | ) | |
| CORPORATION d/b/a OMNI HILTON | ) | |
| HEAD OCEANFRONT RESORT, JANE | ) | |
| DOE 1-10, and THEO SCHOFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT
(JURY TRIAL DEMANDED)

**TO:   THE ABOVE-NAMED DEFENDANTS:**

**COMES NOW,** the Plaintiffs complaining of the above Defendants and alleging as follows:

### PARTIES AND JURISDICTION

1. That at all relevant times, Plaintiffs Walter Curry and Cheryl Curry were citizens and residents of the County of Orangeburg, State of South Carolina, living together as husband and wife.

2. That upon information and belief at all relevant times, Defendant Omni Hotels Management Corporation d/b/a Omni Hilton Head Oceanfront Resort (hereinafter "Omni") was a corporation organized and existing under the laws of the State of Delaware. Defendant Omni owns property and transacts significant business in the County of Beaufort, State of South Carolina.

ELECTRONICALLY FILED - 2021 Aug 31 4:41 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701587

3.      That upon information and belief at all relevant times, Defendants Jane Doe 1-10 are fictious names given to any unknown parties who caused and/or contributed to the dangerous conditions and/or injuries complained of herein.

4.      That upon information and belief at all relevant times, Defendant Theo Schofield was a citizen and resident of the County of Beaufort, State of South Carolina and the General Manager of the Omni Hilton Head Oceanfront Resort in question and had responsibility for the safety of the overall hotel and patrons and further had a duty to check the hotel for safety and warn customers.

5.      That at all relevant times, Defendant Omni was responsible for the acts and omissions of their employees, servants, and/or agents, by and through the doctrine *of respondeat superior*.

6.      That venue is proper in this Court, and the Court has both subject matter and personal jurisdiction over all claims and parties.

**FACTS**

6.      That on or about January 2, 2019, Plaintiffs were customer(s)/invitee(s) of Defendants staying as guests at the premises of Defendant Omni, located at 23 Ocean Lane, Hilton Head Island, South Carolina.  Plaintiffs were knowingly seated for breakfast by Defendants' employees, servants or agents at a small table with unsteady legs.  Defendants' employee, servant or agent placed a pitcher of scalding hot water onto the unsteady table, without properly securing the pitcher with a tight-fitting lid.  The Defendants, by and through their employees, servants, or agents, were solely in control of determining the temperature of the hot water before serving it to the Plaintiffs at the unsteady table. The table wobbled which caused the pitcher and scalding hot

ELECTRONICALLY FILED - 2021 Aug 31 4:41 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701587

water to spill into the lap of the Plaintiff, Walter Curry, resulting in second degree burns to his penis, scrotum and groin area.

7. That Defendants were aware of and created the dangerous conditions on the premises.

8. That by reason and in consequence of the aforesaid acts and/or omissions of the Defendants, the Plaintiff, Walter Curry, sustained serious personal injuries; his injuries were of such a nature as to require him and will in the future require him to expend monies for hospitalization, doctor's care, and other medical necessities; he has suffered permanent physical impairment to his body; that at all times since the accident, the Plaintiff has suffered and will continue to suffer great pain.

## FOR A FIRST CAUSE OF ACTION
(Negligence)

9. That Plaintiff re-alleges each and every allegation of this Complaint as if stated within this cause of action verbatim.

10. That Plaintiff was an invitee at the subject location, having entered the premises upon a matter of advantage to the Defendants with an express or implied invitation in connection with Defendants' business, and therefore the Defendants owed the Plaintiff a duty to keep its premises in a reasonably safe condition.

11. That to the extent that the Defendants allege that they did not create the hazards, the hazards existed for such a length of time prior to the injury that, under existing circumstances, they should have discovered and remedied it in the exercise of due care, and therefore had actual or constructive knowledge of the hazards.

12. That Defendants were aware of or should have been aware of the dangerous conditions and did not take any action to minimize or avoid danger to the Plaintiff, which

ELECTRONICALLY FILED - 2021 Aug 31 4:41 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701587

constitutes clear and convincing evidence of negligence, gross negligence, recklessness, willfulness, and wantonness, including but not limited to in the following particulars:

a. Failing to take reasonable precautions to protect its customers/invitee of dangers of which it knew or should have known existed;

b. Failing to alleviate and/or remove dangerous conditions;

c. Failing to adequately warn customers regarding the dangerous conditions on or about the property;

d. Creating dangerous conditions on or about the property without taking reasonable precautions;

e. Failing to inspect the property and maintain the property in a reasonably safe condition free from dangerous conditions;

f. Failing to correct unsafe conditions that Defendant knew or should have known existed on or about the property;

g. Failing to properly hire, train, supervise, and/or retain employees knowledgeable about how to safely maintain the premises;

h. Failing to properly hire, train, supervise, and/or retain employees so as to alleviate latent and dangerous conditions on the premises;

i. Failing to properly hire, train, supervise, and/or retain employees so as to warn invitees of latent and dangerous conditions on the premises;

j. Allowing its employees to utilize equipment which Defendants knew or should have known could cause products served to become unreasonably dangerous;

k. Failing to have in place proper policies, procedures and/or protocols pertaining to food and drink preparation;

ELECTRONICALLY FILED - 2021 Aug 31 4:41 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701587

  l. Failing to have in place proper policies, procedures and/or protocols pertaining to the inspection of food and drink sold to customers;

  m. Failing to have in place proper policies, procedures and/or protocols ensuring the proper use of equipment;

  n. Failing to have in place proper policies, procedures and/or protocols pertaining to the inspection of dining area and/or tables where customers would be seated;

  o. Failing to use the degree of care and caution that a reasonably prudent individual and/or business would have exercised under the conditions that existed at the time of the incident;

  p. Failing to exercise the reasonable degree of care owed to Plaintiffs;

  q. Seating the Plaintiffs at an unstable table;

  r. Serving scalding hot water to the Plaintiffs in a pitcher without securing it with a tight-fitting lid;

  s. And in such other ways being negligent to be proven at the trial of this case.

13. That Defendants' negligence, gross negligence, recklessness, willfulness, and wantonness created a hazard which directly and proximately caused the Plaintiff to sustain serious personal injuries, his injuries were of such a nature as to require him and will in the future require him to expend monies for hospitalization, doctor's care, and other medical necessities; he has suffered permanent impairment of health and bodily efficiency; that at all times since the accident, the Plaintiff has suffered and will continue to suffer great pain, and such other and further particulars as may be found through discovery or trial.

14. That Defendant Theo Schofield actively participated in, directed and sanctioned the actions which resulted in the creation and existence of the hazardous conditions and failure to

ELECTRONICALLY FILED - 2021 Aug 31 4:41 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701587

warn. Further, Defendant Theo Schofield failed to exercise ordinary and reasonable supervision which would have detected the failures of the Defendants to warn of the hazardous conditions and operate the premises in a reasonably safe condition.

15.     That Plaintiff had no knowledge or reason to suspect danger with regard to the concealed and latent dangers contained on the premises. In addition, the Plaintiff exercised ordinary and reasonable care at all times on his own behalf.

16.     Plaintiff requests a trial by jury to determine the amount of his actual damages and an amount of punitive damages deemed appropriate by a jury.

**FOR A SECOND CAUSE OF ACTION**
(Products Liability/Strict Liability)

17.     Plaintiff re-alleges each and every allegation of the Complaint as if stated within this cause of action herein verbatim.

18.     That all relevant times, Defendants were engaged in the business of selling and distributing food and beverage products, including hot water, to consumers.

19.     That Defendants sold a product to Plaintiff, the hot water.

20.     That product was in a defective condition, as it was heated to an unreasonably high temperature and was not secured with a tight-fitting lid, which rendered it unreasonably dangerous to the Plaintiff.

21.     The product injured Plaintiff before he was able to make any changes to the condition of the product.

22.     Plaintiff did not misuse the product.

23.     Plaintiff did not use the product in any way that was not foreseeable to the Defendants.

24.     It was foreseeable to Defendants that the Plaintiff would receive the product in the condition in which it was served to him at the table.

25. As a direct and proximate result of the defective product Defendant sold to the Plaintiff, the Plaintiff has sustained injuries and damages and is entitled to recover damages from Defendants.

## FOR A THIRD CAUSE OF ACTION
(Breach of Express and Implied Warranties)

26. Plaintiff re-alleges each and every allegation of the Complaint as if stated within this cause of action herein verbatim.

27. That Defendants expressly and/or implicitly warranted that their premises and products served thereon were fit for the purpose intended, conformed with their warranty of merchantability, warranty of fitness, warranty of workmanlike service, warranty of workmanship, warranty of merchantable quality, warranty of safeness for patronage and customer presence.

28. That the premises and products at issue were not fit for ordinary purposes for which they were intended because they were defective and as such, Defendants breached the above referenced expressed and implied warranties.

29. Plaintiff is informed and believes that he is entitled to recover damages from Defendants for breach of express and implied warranties in an amount to be determined by a jury.

## FOR A FOURTH CAUSE OF ACTION
(Loss of Consortium)

30. Plaintiff re-alleges each and every allegation of the Complaint as if stated within this cause of action verbatim.

31. That based on the facts set forth fully hereinabove, Plaintiff Cheryl Curry has suffered a loss of services, society and companionship of her husband, Plaintiff Walter Curry.

32. Plaintiff Cheryl Curry is informed and believes that she is entitled to damages sustained for the loss of consortium against Defendants in an amount to be determined by a jury.

ELECTRONICALLY FILED - 2021 Aug 31 4:41 PM - BEAUFORT - COMMON PLEAS - CASE#2021CP0701587

33. That Plaintiffs are informed and believe they are entitled to recovery compensatory and actual damages from the Defendants in an amount to be determined by a jury.

WHEREFORE, Plaintiffs request a jury trial, and prays for actual and punitive damages, plus the costs of this action, and for such other and further relief as this Honorable Court deems proper.

MCDOUGALL LAW FIRM, LLC

By: *s/Clinton F. Redfern*
J. Olin McDougall, II, Esquire
SC Bar No.: 6948 – Lin@MLF.Law
Clinton F. Redfern, Esquire
SC Bar No.: 100401 – Clint@MLF.Law
Post Office Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336
Phone: 843-379-7000
Fax: 843-379-7007

-and-

THE LAW FIRM OF CARL B. GRANT
Carl B. Grant, Esquire
SC Bar No.: 2229
Post Office Box 1203
Orangeburg, SC 29116
Phone: 803-536-4011

ATTORNEYS FOR PLAINTIFF

August 31, 2021
Beaufort, South Carolina