# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Walter Curry and Cheryl Curry, ) | Civil Action No. 9:21-3587-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Omni Hotels Management Corporation ) | |
| d/b/a Omni Hilton Head Oceanfront Resort, ) | |
| Atlantic Resort Managers, Inc. ) | **ORDER AND OPINION** |
| f/k/a Mariner's Inn Associates, Inc. d/b/a ) | |
| Omni Hilton Head Oceanfront Resort, ) | |
| Jane Doe 1-10, Theo Schofield, and ) | |
| Jeff Gibson ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Defendant Atlantic Resort Managers, Inc. ("ARMI")'s motion to set aside entry of default and extend the deadline to file a response to Plaintiffs' amended complaint. (Dkt. No. 36). For the reasons stated below, the motion is granted in part and denied in part as moot.

### I. Background

This matter involves claims of negligence and loss of consortium arising out of an incident where Plaintiff Walter Curry was allegedly burned with a pitcher and scalding hot water while Plaintiffs were guests at the premises of Defendant Omni located in Hilton Head, South Carolina. (Dkt. No. 17 at ¶ 12). On December 9, 2021, Plaintiffs filed an amended complaint. (Dkt. No. 17). In the amended complaint, Plaintiffs added ARMI and Jeff Gibson as Defendants. (*Id.*). Defendant ARMI was served with the amended complaint on December 22, 2021. (Dkt. No. 27). On January 14, 2022, Plaintiffs moved for an entry of default against ARMI. (Dkt. No. 34). On

1

January 14, 2022, counsel for Defendant ARMI emailed Plaintiffs' counsel to see if Plaintiffs would consent to a fourteen-day extension for Defendant ARMI to respond to Plaintiffs' amended complaint. (Dkt. No. 36-1). Defendant ARMI maintains that Plaintiffs' counsel did not respond to the request. On January 14, 2022, the Clerk of Court entered default against Defendant ARMI. (Dkt. No. 35). On January 18, 2022, Defendant ARMI filed the instant motion to set aside the entry of default. (Dkt. No. 36). Plaintiffs have not sought default judgment against Defendant ARMI and have not filed a response in opposition to the instant motion.

## II.     Legal Standard

Under Rule 55(c), "for good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55 (c). Traditionally, relief from a judgment or default should be granted where the defaulting party acts with reasonable diligence seeking to set aside the default and tenders a meritorious defense. *Alston v. Metro Mgmt.*, No. CV 3:18-1748-JFA-SVH, 2018 WL 8223109, at *2 (D.S.C. Dec. 12, 2018) (citing *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). However, the court must also consider "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987).

## III.     Discussion

Upon a review of the pleadings and Defendant ARMI's motion, the Court finds that it is appropriate to set aside the entry of default against Defendant ARMI. First, Defendant ARMI presents the Affidavit Bill Sheehan, the President of ARMI. (Dkt. No. 36-2). Mr. Sheehan states in his Affidavit that the rooms at the Omni Hilton Head Oceanfront Resort are separate condominium units and Defendant ARMI is the agent for all condominium unit owners and the management company for the condominium association. (*Id*. at ¶ 2). He states that Defendant

ARMI does not maintain, staff, supply, equip, operate, or manage the Hilton Head Prime, the restaurant where the alleged incident occurred, nor does it employ any person at it. (*Id*. at ¶ 4). In addition, he states that Defendant ARMI maintains it does not recruit, hire, train, pay, or supervise any Hotel personnel, including those at the Hilton Head Prime. (*Id*.). Defendant ARMI presents a meritorious defense to Plaintiffs' claims for purposes of the instant motion. Second, Defendant ARMI moved with reasonable promptness in filing the motion to set aside the entry of default. Defendant ARMI filed the motion four days after the Clerk of Court entered default. (Dkt. Nos. 35; 36). Third, Plaintiffs have not responded to the motion, or otherwise indicated how lifting the entry of default would prejudice them.

Generally, Rule 55(c) is liberally construed in favor of setting aside default judgments because the law prefers adjudication on the merits to default judgments. *Alston v. Metro Mgmt.*, No. CV 3:18-1748-JFA-SVH, 2018 WL 8223109, at *2 (D.S.C. Dec. 12, 2018). In addition, the Fourth Circuit has a "strong policy" to decide cases on their merits. *Ashmore v. Gilstrap*, No. 8:15-CV-03479-JMC, 2016 WL 3615661, at *1 (D.S.C. July 6, 2016) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). For good cause shown, the Court lifts the entry of default against Defendant ARMI.

Defendant ARMI also seeks an extension of time until February 1, 2022 to file a response to Plaintiffs' amended complaint. (Dkt. No. 36 at 5). The proposed deadline has passed. On February 1, 2022, Defendant ARMI filed a Rule 12(f)/12(b)(6) motion to strike and/or dismiss the amended complaint. (Dkt. No. 41). Therefore, the motion for extension of time is moot.

## IV.   Conclusion

For the reasons stated above, Defendant Atlantic Resort Managers, Inc.'s motion to set aside default is **GRANTED IN PART**, **DENIED IN PART**.   (Dkt. No. 36).   The motion is

**GRANTED** as to the request to set aside the entry of default against Defendant Atlantic Resort Managers, Inc. The motion is otherwise **DENIED AS MOOT**.

    **AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

February 11, 2022
Charleston, South Carolina