# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Walter Curry and Cheryl Curry, ) | Civil Action No. 9:21-3587-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Omni Hotels Management Corporation ) | |
| d/b/a Omni Hilton Head Oceanfront Resort, ) | |
| Atlantic Resort Managers, Inc. ) | **ORDER AND OPINION** |
| f/k/a Mariner's Inn Associates, Inc. d/b/a ) | |
| Omni Hilton Head Oceanfront Resort, ) | |
| Jane Doe 1-10, Theo Schofield, and ) | |
| Jeff Gibson ) | |
| ) | |
| Defendants. ) | |

Before the Court are two motions to strike and/or dismiss Plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6) filed by Defendants' Jeff Gibson ("Gibson") and Atlantic Resort Managers, Inc. ("Atlantic"). (Dkt. Nos. 33;41). For the reasons stated below, the motions are denied and the Court remands this action to the Court of Common Pleas for Beaufort County, South Carolina.

## I.   Background

Plaintiffs initiated this action in the Court of Common Pleas for Beaufort County, South Carolina on August 31, 2021. (Dkt. No. 1-2). Plaintiffs asserted claims for negligence and loss of consortium against the following Defendants: Omni Hotels Management Corporation d/b/a Omni Hilton Head Oceanfront Resort ("Omni"), Jane Doe1-10, and Theo Schofield. (*Id.*). On October 29, 2021, Defendants removed the action to federal court based on diversity jurisdiction. (Dkt. No. 1-1). On November 24, 2021, Defendant Omni filed a motion to dismiss the complaint

1

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 10). On November 30, 2021, the Court entered an Order that granted Plaintiffs leave to cure the complaint's "purported pleading defects" or to file a response in opposition to Defendant Omni's motion to dismiss. (Dkt. No. 11). Plaintiffs filed an amended complaint on December 9, 2021 that adds non-diverse Defendants Gibson and Atlantic. (Dkt. No. 17). The amended complaint asserts the same claims as the original complaint for negligence and loss of consortium.

The claims arise out of an incident that occurred on June 2, 2019, when hot water was spilled in the lap of Plaintiff Walter Curry during Plaintiffs' stay at the Omni hotel located on Hilton Head Island, South Carolina. (*Id.*). Plaintiffs' negligence claim asserts claims for negligent supervision and training and negligent hiring and retention. (Dkt. No. 17 at ¶ 21 (g)). As to these claims, Plaintiffs allege Defendant Schofield was the General Manger of the Omni and exercised significant control over the premises and hotel employees (*Id.* at ¶ 8). Plaintiffs allege Defendant Gibson was the Food and Beverage Director of the Omni and exercised significant control over the restaurants, restaurant employees, the food and beverages that were prepared, served, and/or sold on the premises. (*Id.* at ¶ 9). Plaintiffs allege Defendants Gibson and Schofield were individually and/or collectively responsible for hiring, training, retention, and supervision of the employees working at the restaurants of the hotel. (*Id.* at ¶ 10). Plaintiffs allege Defendants by and through their employees, were in control of determining the temperature of the hot water before serving it to Plaintiffs. (*Id.* at ¶ 12). Plaintiffs allege Defendants were aware of situations where beverages were previously heated to unreasonably high temperatures and served in a defective manner that resulted in injury to an Omni customer and Defendants had knowledge of employees' prior misconduct. (*Id.* at ¶¶ 15-16; 37; p. 6-7).

Further, Plaintiffs allege Defendants Atlantic and Omni individually and/or collectively participated in and were responsible for the "ownership, operation, supervision, management, control and/or safety" of the Omni. (*Id.* at ¶ 4). Plaintiffs allege Defendants Omni and Atlantic are jointly and severally responsible for the "operation, supervision, management, maintenance, control, and/or safety of the premises either by virtue of their ownership interests and/or their undertaking of duties to operate, supervise, manage, maintain, or control the premises. (*Id.* at ¶ 5). Plaintiffs allege Defendants Omni and Atlantic have an amalgamation of interests and should be treated as one. (*Id.* at ¶ 6).

Defendants Gibson and Atlantic moved to strike and/or dismiss Plaintiffs' claims asserted against them in the amended complaint pursuant to Federal Rules of Civil Procedure 12(f) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Gibson and Atlantic request for the Court to grant the motion and retain jurisdiction over the matter. (Dkt. Nos. 33;41). As Defendants' motions implicated the Court's subject matter jurisdiction, the Court entered an Order soliciting additional discussion from Plaintiffs on whether the Court may permit joinder of two non-diverse parties post-removal pursuant to the factors articulated in *Mayes v. Rapoport*, 198 F.3d 457, 461-463 (4th Cir. 1999). (Dkt. No. 53). The parties filed supplemental briefs addressing the factors set forth in *Mayes*. (Dkt. Nos. 54; 55). Defendants' motions are ripe for the Court's adjudication.

## II.    Standard

After a case has been removed, if a Plaintiff seeks to join a nondiverse defendant, the district court's analysis on whether to permit joinder of the nondiverse defendant begins with 28 U.S.C. § 1447(e). This section provides the district court with two options: "the court may deny joinder or permit joinder and remand the action to the [s]tate court." *Mayes*, 198 F.3d at 461. In

exercising discretion under Section 1447(e), the Court is entitled to consider all relevant factors, including: "the extent to which the purpose of the amendment is to defeat federal jurisdiction; whether the plaintiff has been dilatory in asking for the amendment; whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id*. at 461-462.  The district court, with input from the parties, should balance the equities in deciding whether plaintiff should be permitted to join a non-diverse defendant. *Id.* at 463.

The doctrine of fraudulent joinder is not the applicable standard when a plaintiff seeks to join a nondiverse defendant after the case has been removed. *Id.* at 463.  However, if the defendant can carry its heavy burden of proving fraudulent joinder, that fact should be considered an important factor bearing on the equities under the fourth factor. (*Id.*).

### III.   Discussion

The parties filed additional briefing to address whether under the factors set forth in *Mayes v. Rapoport*, the Court may permit joinder of non-diverse Defendants Gibson and Atlantic post-removal and remand the case or deny joinder and retain jurisdiction over the case. 198 F.3d 457, 461-463 (4th Cir. 1999). The Court will analyze each *Mayes* factor in turn.

#### a.   Whether The Proposed Amendment Was to Defeat Federal Jurisdiction

The first *Mayes* factor examines whether the purpose of amending the complaint is to defeat jurisdiction.  In considering this factor, courts often consider the chronology of events and the timing of the plaintiff's request to add a nondiverse defendant.  For example, where "a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes*, 198 F.3d at 463.  Similarly, courts have suggested caution where "no attempt was made to add the nondiverse defendant until after removal . . . although the relevant facts, as explained, were in the possession of the plaintiff well before suit

4

was filed." *Boykin v. Spectrum Lubricants Corp.*, No. 3:13-cv-00417-MBS, 2014 U.S. Dist. LEXIS 205417, at * 20-21 (D.S.C. Mar. 7, 2014) (internal citations omitted).  In contrast, courts have recognized that amendments based on newly discovered information are often sought for legitimate purposes. *Id.* (citing *Tye v. Costco Wholesale*, CIV.A. 2:05CV190, 2005 WL 1667597, at * 4 (E.D. Va. June 14, 2005) (finding no improper purpose where it was "only after further investigation into the circumstances surrounding plaintiff's claim that it became apparent that [the individual defendants] had played significant roles.").

Plaintiffs maintain they sought to join Gibson and Atlantic after receiving new information from Defendant Omni's initial discovery responses.  On November 1, 2021, Defendant Omni served Plaintiffs with its Answers to Local Civil Rule 26.01 Interrogatories where Omni denied it was a proper Defendant to Plaintiffs' action.  (Dkt. No. 2).  Plaintiffs maintain that based on Omni's representation, they further investigated the matter and discovered Defendant Atlantic held the business license to the Omni hotel for the Town of Hilton Head Island.  (Dkt. Nos. 43-1; 43-3). On November 19, 2021, Plaintiffs' counsel emailed Defendants' counsel concerning this discovery and asked if Omni would consent to a dismissal of the case so it could be refiled with the additional Defendants.  Defendants' counsel declined.  (Dkt. No. 54 at 3); (Dkt. No. 33-3). With respect to Gibson, Plaintiffs indicate he was discovered pursuant to Defendant Omni's Local Rule 26.03 disclosures where Defendants listed Jeff Gibson as a witness and stated: " . . . Mr. Gibson was the Food and Beverage Director at the time of the alleged incident and was notified of the alleged incident and investigated the subject table. Mr. Gibson is expected to testify that there were no defective, dangerous, or hazardous conditions with the table or the ordinary use of the water." (Dkt. No. 29).   Plaintiffs maintain they were unaware of Gibson's role in relation to the incident until this disclosure.   (Dkt. No. 54 at 4).

Defendants argue Plaintiffs added Gibson and Atlantic as Defendants solely to defeat the Court's diversity jurisdiction. (Dkt. No. 55 at 1-4). Defendants argue Plaintiffs' explanation of how they discovered Atlantic's potential liability for the incident insufficiently details how the information was new to Plaintiffs. (*Id.* at 2-3). Defendants argue Plaintiffs failed to discover any information connecting Atlantic to the subject incident, and all employees identified in discovery as present at the time of the incident or operating the restaurant at issue were Omni employees. (Dkt. No. 55 at 4) (citing Dkt. No. 55-2 at No. 3; Dkt. No. 55-3 at No. 3). As to Gibson, Defendants argue nothing has been revealed in discovery to suggest he was working at the time of the incident. (Dkt. No. 55 at 4-5). After careful consideration of the parties' arguments, the chronology of events, and timing of Plaintiffs' amendment, the Court finds Plaintiffs' joinder of Gibson and Atlantic was for legitimate purposes in response to Defendants' initial disclosures and interrogatory responses and not solely to defeat diversity jurisdiction. The first *Mayes* factor weighs in favor of allowing joinder.

### b. Whether Plaintiffs Were Dilatory In Seeking Amendment

The second *Mayes* factor examines whether Plaintiffs were dilatory in seeking the amendment. To determine whether a plaintiff has been dilatory in asking for amendment, courts consider plaintiffs actions between the time plaintiff was aware of information potentially subjecting the defendant to liability and the filing of a motion to amend. *Boykin*, 2014 WL 12631658, at * 5. Plaintiffs assert adding Gibson and Atlantic as Defendants was based on information not previously known to them and disclosed in Defendant Omni's Local Rule 26 Interrogatories and disclosures contained within the Rule 26(f) report. (Dkt. No. 54 at 5). Defendant's Rule 26 Interrogatories were filed on November 1, 2021. (Dkt. No. 2). Plaintiffs represent the parties held a Rule 26(f) conference on December 7, 2021 and Plaintiff filed the amended complaint naming Gibson and Atlantic as Defendants on December 9, 2021. (Dkt. No.

6

39 at 7); (Dkt. No. 17). The amended complaint was filed prior to the deadline to file motions to amend pleadings under the Court's scheduling order. (Dkt. Nos. 9; 31). Plaintiffs filed the amendment within a reasonable time period after learning Gibson and Atlantic's potential liability. The Court finds Plaintiffs' joinder of Defendants Gibson and Atlantic was not dilatory and the second *Mayes* factor weighs in favor of permitting joinder.

### c. Whether Plaintiffs Will Be Significantly Injured If Amendment Is Not Allowed

To determine whether Plaintiffs will be significantly injured if amendment is not allowed, courts consider whether Plaintiff can be afforded complete relief from the existing defendants. *Boykin*, 2014 WL 12631658, at * 6. As to Gibson, Plaintiffs generally assert they will be injured if joinder is not allowed because they will be denied the right to pursue a cause of action against viable defendants. (Dkt. No. 54 at 6-7) (noting that Plaintiffs may pursue claims against a manager under South Carolina's joint and several liability laws) (citing *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 656 (D.S.C. 2006); *Hardrick v. Wal-Mart Stores, Inc.*, No. 9:18-CV-01345-DCN, 2018 WL 3867805, at * 3 (D.S.C. Aug. 15, 2018) (allegations that defendant exercises substantial control as a store manager is enough to allege this negligence cause of action). As to Atlantic, Plaintiffs generally argue they would be prejudiced by the disallowance of joinder because Plaintiffs would not be able to recover against all parties available by law. (Dkt. No.54 at 6). Defendants argue disallowing Plaintiffs to bring claims against Gibson and Atlantic would not cause significant injury because there is no evidence Plaintiffs cannot be afforded complete relief from the existing Defendants.

As to Gibson, the amended complaint alleges Gibson exercised a managerial position at Defendant Omni's hotel. The allegations asserted against Gibson for negligent hiring/retention and supervision/training claims are essentially identical to the allegations asserted against existing

7

Defendant Theo Schofield, the General Manager of the Omni. Plaintiffs allege Defendant Omni is responsible for its employees' alleged misconduct under a *respondeat superior* theory of liability. (Dkt. No. 17 at ¶ 11). Plaintiffs do not otherwise the existing Defendants would be unable to satisfy a future judgment. Disallowing joinder on this ground alone would not cause significant injury to Plaintiffs. *Boykin v. Spectrum Lubricants Corp.*, No. 3:13-cv-00417-MBS, 2014 U.S. Dist. LEXIS 205417, at * 20-21 (D.S.C. Mar. 7, 2014); *O'Connor v. Auto Ins. Co. of Hartford Connecticut*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) (finding no significant injury where plaintiff provided "absolutely nothing to indicate that [the existing defendants] would be unable to satisfy a future judgment . . . or that [the defendant the plaintiff seeks to join] is the sole cause of [the plaintiff's] injury"). The third *Mayes* factor weighs in favor of disallowing joinder.

### d. Balance The Equities

The fourth *Mayes* factor allows the Court to consider any other factors bearing on the equities. In doing so, the Court acknowledges Defendants' interest in maintaining a federal forum. *Boykin*, at * 23 (internal citations omitted). This case has been in federal court since October 29, 2021, during which time the parties have exchanged written discovery. (Dkt. No. 1-1); (Dkt. No. 54 at 7). However, the Court also notes that Plaintiffs' original complaint was initiated in state court and named "Jane Does 1-10" as "substitute fictitious defendants" based on the belief additional parties would be identified and named as defendants throughout litigation. (Dkt. No. 1-2); (Dkt. No. 54 at 8). *Pryor v. D.R. Horton, Inc.*, No. CA 4:10-2255-TLW-SVH, 2011 WL2036337, at * 3 (D.S.C. Feb. 9, 2011), *adopted by*, No. 4:10-CV-02255, 2011 WL 2020737 (D.S.C. May 20, 2011) ("It would have been foreseeable to [defendant] from the outset of this action, based on the nature of Plaintiffs' lawsuit originally filed in state court and involving only state law claims . . . that federal jurisdiction premised on diversity might be destroyed with the addition of other defendants."). In addition, Plaintiffs only assert state law claims.

Upon consideration of the *Mayes* factors, the Court, in its discretion, finds that denying Defendants' motions is appropriate to allow Plaintiffs to join Gibson and Atlantic as non-diverse Defendants to this action. The Court finds that although Plaintiffs may not be significantly injured if joinder is denied, the Plaintiffs do not seek to add these Defendants solely to defeat diversity and were not dilatory in seeking such amendment. Therefore, the Court will allow joinder of the non-diverse defendants and will remand the case to the Court of Common Pleas for Beaufort County, South Carolina.

## IV.     Conclusion

For the reasons stated above, Defendants' motions to strike are **DENIED**. (Dkt. Nos. 33;41). The Court **REMANDS** the case to the Court of Common Pleas for Beaufort County, South Carolina for adjudication on the merits.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

September 27, 2022
Charleston, South Carolina